On respondent's motion to dismiss filed June 16, 1988, petition for judicial review
dismissed April 5, 1989

# DANZ,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent.*

## (88-AB-471; CA A48665)

771 P2d 649

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jerome Lidz, Assistant Attorney General, Salem, for motion.

Carol R. Danz, Cave Junction, *pro se,* appeared *contra.*

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Petitioner seeks judicial review of an order of the Employment Appeals Board disqualifying her from unemployment benefits and an action of the Employment Division (Division) entitled "Notice of Overpayment." We dismiss the petition.

On April 4, 1988, EAB issued an order pursuant to ORS 657.176(2) disqualifying petitioner from unemployment benefits on the ground that she had been discharged for misconduct connected with her work. On May 11, 1988, pursuant to ORS 657.315, the Employment Division issued to petitioner a notice advising her that she was liable for $3,204 in overpayment of benefits which she could pay immediately or which could be deducted from benefits payable to her during the 52-week period beginning May 8, 1988.

On June 6, 1988, petitioner filed a petition for review of both the EAB decision and Division's notice of overpayment. Division moved to dismiss on the grounds that her petition from the EAB order was not filed within the 30-day time requirement of ORS 657.282 and because the notice is not a final order. Petitioner recognizes that she did not file her petition within 30 days after the EAB order. She argues, however, that, because that order did not determine if she was liable for any overpayment or the amount of any overpayment, it was not final. She contends that the order did not become final until the issuance by Division of the notice of overpayment on May 11. We disagree. The order disqualified petitioner from benefits pursuant to ORS 657.176(2). The notice of overpayment was issued by Division, a separate agency, pursuant to ORS 657.315, which provides that, if benefits are erroneously paid, the recipient is liable for the overpayment and that the amount due may be deducted from future benefits.[1] Division's notice did not affect in any way

---

[1] ORS 657.315(1)(b) provides:

"(1) If it is determined by the assistant director that an individual has been paid benefits to which the individual was not entitled because:

"* * * * *

"(b) An initial decision to pay benefits is subsequently reversed by a decision finding the individual was not eligible for such benefits, and the decision establishing the erroneous payment of benefits has become final;

"the individual shall be liable to have a like amount deducted from any benefits

EAB's decision that petitioner was disqualified. It simply notified her that Division was implementing the process for recovery of overpayments. The notice did not extend the time to seek review of the order disqualifying her from benefits.

Assuming, without deciding, that the notice of overpayment is itself a final order, it is not an order in a contested case, or any other kind of order that we may review.

Petition for judicial review dismissed.

otherwise payable to the individual pursuant to this chapter during the benefit year within which the unauthorized or improper amount was paid. If the amount paid in error is not repaid or recovered within the individual's benefit year as specified above, the amount, or any balance thereof may be deducted from benefits otherwise payable to the individual for any week or weeks within 52 weeks following the week in which the decision establishing the erroneous payment became final."